COURT OF APPEALS
DECISION
DATED AND FILED

September 6, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.   **2023AP1792-CR**

Cir. Ct. No.  **2020CF890**

STATE OF WISCONSIN

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

KEYON MALIK MCEACHIN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Rock County:  KARL HANSON, Judge.  *Affirmed*.

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Keyon McEachin appeals a judgment of conviction and an order denying his motion for postconviction relief.  The issue is whether his

trial counsel was ineffective by not presenting expert testimony and other evidence at trial to create reasonable doubt about whether the object McEachin was seen possessing was truly a "firearm" that was operated by force of gunpowder. We conclude that counsel was not ineffective and, therefore, we affirm.

¶2 After a jury trial, McEachin was convicted of one count of being a felon in possession of a firearm and two felony counts of bail jumping as a repeater. Described broadly, the evidence was that witnesses saw McEachin with the alleged firearm during a confrontation. However, the alleged firearm itself was not presented as evidence at trial, and the State presented no testimony based on a close physical inspection of the object.

¶3 The jury was instructed that, to qualify as a "firearm" for purposes of the possession charge, the object must be "a weapon which acts by the force of gunpowder." At trial, McEachin argued to the jury that the State failed to prove that the object he was holding was operated by force of gun powder. The argument was based on the vague descriptions of the object that were given by witnesses. McEachin asked a police officer who testified whether it was true, based on those descriptions, that "there's no way for you to tell if, for instance, the gun was fake or if the gun was real, right?" The officer replied: "Correct."

¶4 McEachin's postconviction motion alleged that his trial counsel was ineffective by not presenting expert testimony and photographic evidence to explain to the jury how difficult it is to see, without careful examination, the difference between weapons operated by gun powder and weapons that are operated by air but are deliberately made to resemble firearms. The circuit court held an evidentiary hearing and denied the motion.

¶5 McEachin renews his ineffective assistance argument on appeal. To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We affirm the circuit court's findings of fact unless they are clearly erroneous, but the determination of deficient performance and prejudice are questions of law that we review without deference to the circuit court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985). We need not address both components of the analysis if the defendant makes an inadequate showing on one. *Strickland*, 466 U.S. at 697.

¶6 We conclude that trial counsel's performance was not deficient here. We do not disagree with the general theme of McEachin's argument, which is that his defense at trial would likely have been more persuasive with the additional expert and photographic evidence that he now presents. However, the more narrow question before us is whether counsel fell below an objective standard of reasonableness by not taking the steps to add that higher degree of persuasion to the defense, above and beyond what counsel was able to present with the existing evidence and argument. More specifically, the test is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. We "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690.

¶7 As we described above, McEachin's attorney was aware that a defense could be made based on the difficulty that the State had in proving that the object was operated by force of gun powder, because of what was apparently the physical unavailability of the actual object that McEachin was holding. Based on that awareness, counsel developed the trial record with evidence that allowed him to

3

make this argument to the jury, and he did so. This is not a case where a theory of defense was entirely overlooked and not presented at all.

¶8 Although more could have been done, it was within the wide range of professional competence for counsel to believe that the testimony of the officer would be adequate to present this defense. It is not necessary that counsel have presented "the best defense that might have been presented." ***State v. Williquette***, 180 Wis. 2d 589, 605, 510 N.W.2d 708 (Ct. App. 1993), *aff'd*, 190 Wis. 2d 677, 526 N.W.2d 144 (1995). "Counsel need not be perfect, indeed not even very good, to be constitutionally adequate." ***Id.*** (quoted source omitted).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2021-22).